UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN JACKSON,

          Plaintiff,

-vs-                                              Case No. 6:08-cv-753-Orl-19GJK

GUARDIAN LIFE INSURANCE COMPANY
OF AMERICA,

          Defendant.
_____

## ORDER

This case comes before the Court on the following:

1. Motion to Extend Time to Respond to Complaint by Defendant Guardian Life Insurance Company of America (Doc. No. 4, filed May 9, 2008);

2. Motion to Dismiss Plaintiff John Jackson's Complaint by Defendant Guardian Life Insurance Company of America (Doc. No. 8, filed May 15, 2008); and

3. Amended Motion to Dismiss Plaintiff's Complaint (Dispositive Motion) by Defendant (Doc. No. 15, filed June 12, 2008).[1]

---

[1] The only discernable difference between Defendant's first Motion to Dismiss at Docket Number 8 and its Amended Motion to Dismiss at Docket Number 15 is the inclusion in the Amended Motion of: (1) "Dispositive Motion" as a subtitle and (2) the Certificate of Service. The Notice of Electronic Filing indicates that Notice of the first Motion was mailed to Plaintiff's counsel, and Notice of the Amended Motion was emailed to Plaintiff's counsel. Since the Court has found defects in the Complaint that go to the Court's subject matter jurisdiction (which the Court may address *sua sponte*), and the Court is granting Plaintiff leave to file an Amended Complaint, the Court finds it appropriate to rule on Defendant's Motion at this time.

**Background**

Plaintiff John Jackson originally brought this action in state court against Defendant Guardian Life Insurance Company of America for "negligence and breach of fiduciary duty owed to the insured by the defendant/insurer." (Doc. No. 2 at 1, ¶ 8.) Defendant has filed a copy of the insurance policy at issue and related documents. (Doc. No. 8-2.) These documents reveal that at some in 1972, Plaintiff applied to Defendant for a life insurance policy. (*Id.* at 14.) Plaintiff listed what appears to be "Hickory Street Medical Building" as both the owner and the beneficiary of this policy. (*Id.*) On January 4, 1984, Plaintiff applied to convert his policy to a "whole life" plan. (*Id.* at 16-17.) Defendant issued Plaintiff a "whole life" insurance plan on January 20, 1984 with a policy date of August 1, 1983. (*Id.* at 3.) Although the transfer is not part of the record, at some point the identity of the owner and beneficiary of Plaintiff's plan was changed to Melbourne Medical Building, Inc. (*See id.* at 23.) On August 15, 2006, Melbourne Medical Building, Inc. requested that the owner and beneficiary of the policy be changed to Allen Broussard Conservancy, Inc. (*Id.* at 23-24.)[2] Defendant appears to have recorded the change in ownership and beneficiary on February 20, 2007. (*Id.*)

Though Plaintiff's life is insured under this policy, Plaintiff does not appear in any of these documents as the owner or beneficiary of the policy. Nevertheless, Plaintiff claims in relevant part:

3. At all times material to this claim John Jackson was insured with the defendant with a policy of life insurance policy # 2894706 which is in full force and effect.

4. The policy is not in possession of plaintiff but defendant has a copy and is not prejudiced by it not being attached to [the] complaint.

---

[2] William J. Broussard was listed as the president of both corporations. (Doc. No. 8-2 at 24.)

5.  On or about 7-10-07 William Broussard who was a former shareholder and former officer of the then dissolved Melbourne Medical Building Inc.[] requested the defendant to transfer ownership of the said policy to the Allen Broussard Conservancy, Inc. []

6.  Melbourne Medical Building, Inc[.] had been dissolved as a corporate entity in 10-4-02, five years earlier.

7.  The defendant negligently failed to ascertain the status of the then dissolved corporation and/or alleged corporate officer making the request. Ownership of the insurance policy was then transferred without the knowledge or consent of the policyholder, John Jackson.

8.  John Jackson was deprived of the ownership and benefit of the insurance policy due to the negligence and breach of fiduciary duty owed to the insured by the defendant/insurer.

[9].  Plaintiff made application for under [sic] said policy for ownership benefits and defendant wrongfully refused to comply. Plaintiff has complied with all conditions precedent to obtain the ownership benefit from defendant/insurer.

[10].  Because of defendant's refusal to pay the losses or restore ownership of the policy, plaintiff retained the services of the undersigned attorney and is obligated to pay a reasonable fee for his services.

[11].  Plaintiff requests and puts defendant on notice that the value of the policy is at issue and that the insurer should not tender the cash value of the policy to Allen Broussard Conservancy, Inc. or any other person or entity until this case is resolved.

[12].  Plaintiff seeks attorney's fee [sic] under Fl. St. 627.428, costs, penalties, interest, transfer of policy ownership and judgment for damages.

(Doc. No. 2 at 1-2.)[3]

Defendant has filed a Motion to dismiss the Complaint, arguing that Plaintiff has failed to plead facts demonstrating that he has standing to bring suit. (Doc. No. 4; Doc. No. 8 at 5-6, ¶¶ 18-

---

[3]  The numbering of the paragraphs of the Complaint were altered for clarity. The Complaint itself contains two paragraphs numbered 8 and two paragraphs numbered 10. (*See* Doc. No. 2.)

19.) Defendant's Motion also suggests as a factual matter that Plaintiff lacks standing, in which case this Court would not have subject matter jurisdiction. (*Id.* at 3, ¶ 9.) Plaintiff has filed no response to Defendant's Motion.[4]

**Standard of Review**

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.* In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction. . . ." Fed. R. Civ. P. 8(a)(1). If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant can move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). *E.g.*, *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001); *Anderson v. United States*, 245 F. Supp. 2d 1217, 1221 (M.D. Fla. 2002).

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring either a facial or a factual challenge to a court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In a facial challenge, a court assumes that all of the plaintiff's allegations are true and determines whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* at 1529. In a factual challenge, a court must determine if it has power to hear the case. *Id.* A court is not required to assume that the plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Id.*

---

[4]   Failure to oppose a motion raises an inference that the party does not object to such motion. *E.g.*, *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1371 (M.D. Fla. 2007).

**Analysis**

A federal court has the power to hear only those cases over which it has been granted subject matter jurisdiction by Article III, Section 2 of the United States Constitution. Article III provides that the judicial power extends over "cases" and "controversies." U.S. Const. Art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). The United States Supreme Court has interpreted this language as requiring, among other things, that the parties bringing suit in federal court have standing to do so. *Id.* at 560. As the Supreme Court explained:

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"–an invasion of a legally protected interest which is (a) concrete and particularized . . . ; and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" . . . . Second, there must be a causal connection between the injury and the conduct complained of–the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Id.* at 560-61 (internal citations and footnote omitted). Furthermore, "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561.

In addition to the three constitutional standing requirements, the Supreme Court has also articulated three prudential standing requirements that define a case's "justiciability":

> Beyond the constitutional requirements, the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing. Thus, this Court has held that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." . . . In addition, even when the plaintiff has alleged redressable injury sufficient to meet the requirements of Art. III, the Court has refrained from adjudicating "abstract questions of wide public significance" which amount to "generalized grievances," pervasively shared and most appropriately addressed in the representative branches. . . . Finally, the Court has required that the plaintiff's complaint fall within "the zone of interests to be protected or regulated by the statute or constitutional guarantee in question."

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474-75 (1982) (internal citations and footnotes omitted).

In his two-page Complaint, Plaintiff alleges that he was "deprived of the ownership and benefit of the insurance policy due to the negligence and breach of fiduciary duty owed to the insured by the defendant/insurer." (Doc. No. 2 at 1, ¶ 8.) However, in the documents provided to the Court, Plaintiff is nowhere listed as either the owner or the beneficiary of the insurance policy. (*See* Doc. No. 8-2.) The unambiguous terms of the insurance policy indicate that "[w]hile the insured is living, the owner alone has the right to receive all benefits and exercise all rights this policy grants or Guardian allows." (*Id.* at 6.) The policy further provides that upon the death of the insured, the insurer will "pay the death proceeds to the beneficiary." (*Id.*) Finally, the owner alone has the authority to change the owner or beneficiary by written request. (*Id.*) Since the claimed injury is the deprivation of the ownership and benefit of the insurance policy, rights to which Plaintiff is not entitled pursuant to the clear terms of the policy, Plaintiff has failed to assert a cognizable injury. *See, e.g.*, *Bochese*, 405 F.3d at 980 (explaining that a plaintiff demonstrates an injury in fact by showing that he or she is seeking to obtain compensation for, or to prevent, the violation of a "legally protected right").[5] Thus, Plaintiff does not have standing to pursue his claim as currently pled.

---

[5] Though he purports to bring this case under theories of negligence and breach of fiduciary duty, Plaintiff claims as his injury the denial of purely contractual rights ("ownership and benefit of the insurance policy"). (Doc. No. 2 at 1, ¶ 8.) Plaintiff is now essentially in the position of a party who has assigned his contractual rights to a third party. Under Florida law, "Following an assignment, the assignee stands in the shoes of an assignor, and the assignor retains no rights to enforce the contract at all." *E.g.*, *Leesburg Cmty. Cancer Ctr. v. Leesburg*, 972 So. 2d 203, 206 (Fla. 5th DCA 2007) (internal citation and quotation marks omitted).

**Conclusion**

Based on the foregoing, the Court **GRANTS** the Motion to Dismiss Plaintiff's Complaint by Defendant (Doc. No. 8, filed May 15, 2008), **DENIES AS MOOT** the Amended Motion to Dismiss Plaintiff's Complaint by Defendant (Doc. No. 15, filed June 12, 2008), and **DENIES AS MOOT** the Motion to Extend Time to Respond to Complaint by Defendant (Doc. No. 4, filed May 9, 2008). Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff has leave to file an Amended Complaint that asserts a cognizable cause of action and demonstrates the basis for this Court's subject matter jurisdiction within ten (10) days from the date of this Order. Failure to comply with this Order will result in this case being dismissed without further notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June 13, 2008.

*Patricia C. Fawsett*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record